JOSEPH YOCUS, PLAINTIFF-RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October 12, 1934—Decided January 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Howard F. McIntyre*).

For the plaintiff-respondent, *Feinberg & Feinberg* (*Jacob Feinberg.*)

Bodine, J. The plaintiff's action was brought to recover damages for injuries sustained by being struck by a steel column which the defendant's employes were lowering on to a barge where he was working at Pier No. 6, Jersey City. He was employed by William Spencer & Son.

The complaint, in part, alleges that the injuries were suffered by reason of the starting of the traveling crane carrying the column causing the injury, without giving due warning of the movement, and because defendant failed to exercise due care for plaintiff's safety while making the movement in question. The proofs indicate that the column, while being carried by the crane, struck a cable upon the barge where plaintiff was working. The impact caused a sudden dropping of the column striking the plaintiff. If the movement was not negligent, there was evidence of such a lack of care for the plaintiff's safety that this question, under the pleadings and proofs, was one for the jury.

The issues of negligence and contributory negligence were submitted to the jury in a properly balanced charge. Even though the plaintiff could and did see the column being carried by the crane as it approached the barge, there was no obligation upon his part to assume that it would be so handled by the crane engineer as to engage a cable and thus fall, causing his injuries. The issues were for the jury and not for the court.

There can be no doubt that there were risks inherent in plaintiff's employment, which he assumed as between himself and his employer, but as the trial court quite properly pointed out, the negligent acts of third parties stand upon a different footing.

The court, in his charge, did mention that the defendant regarded the accident as the result of an act of God. The expression does seem unfortunate, but the only direct proof negativing the plaintiff's account of the occurrence was an admission said to be made shortly thereafter that it was an accident. However, as the whole charge is read it would seem that the defendant was not prejudiced.

The court, having explained to the jury that the plaintiff must prove by the greater weight of evidence his right to

recover, directed them, if they concluded he was entitled to recover, to consider the proofs adduced upon the question of damages. He also said that they might consider "whether or not his earning power has been permanently impaired as a direct or as a proximate result of the happening of this accident." It is said that there was no proof of impairment of earning capacity. The change of employment and other proved facts, we think, made the question one for the jury to determine. But at all events, they were told that they must determine the question of damages from the proofs adduced. It does not seem that the jury could, if they followed the court's instructions, award damages for any element not proved.

Other reasons for a reversal suggested in the appellant's brief have been carefully considered but they require no further discussion.

The judgment is affirmed.